UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

DAVID B. EIMERS and
KELLI L. EIMERS,

          Debtors.

Case No. A12-00692-GS
Chapter 7

## MEMORANDUM REGARDING DEBTORS' *EX PARTE* MOTION AND MOTION TO AVOID LIEN

At a continued chapter 13 confirmation hearing, held April 9, 2013, debtors' counsel, Frank Cahill, advised the court regarding the status of a pending *Motion to Avoid Judgment Lien*, which the debtors have incorporated into their proposed plan. The debtors have moved, pursuant to 11 U.S.C. § 522(f), to avoid a judgment lien recorded by Capital One (USA) Bank, N.A. in the sum of $1,402.26 as it impairs their homestead exemption. After the confirmation hearing, the debtors filed an *Ex Parte Motion for Entry of Default Judgment*, essentially a detailed certificate of no objection for their *Motion to Avoid Judgment Lien (Motion to Avoid)*.

The debtors' counsel has also filed a *Supplemental Certificate of Service* addressing concerns raised during the confirmation hearing regarding service of the *Motion to Avoid* under Fed. R. Bankr. P. 7004. The *Ex Parte Motion* and the *Supplemental Certificate* describe the debtors' efforts to identify the appropriate individual and address for service of the *Motion to Avoid*. Mr. Cahill certifies "that a multi-hour internet search by me and my secretary failed to produce the name of any bank officer of Capital One Bank (USA), N.A."[1] Ultimately, the debtor mailed the *Motion to Avoid,* via certified mail, to two addresses. One

---

[1] Docket No. 29.

was sent to, "Bank Officer, Capitol One Bank (USA), NA, 4851 Cox Road, Glen Allen, VA 23060."[2] This address was taken from the Federal Deposit Insurance Corporation's (FDIC) official website for locating banks.[3] The second mailing was sent to "Capital One Bank (USA), NA, c/o Corporation Service Company, 11 S. 12th St., PO Box 1463, Richmond VA 23218-0000." This address was found in a 2011 patent infringement case filed in the United States District Court for the Eastern District of Texas.[4] The debtors believe Corporation Service Company to be the registered agent for the judgment creditor.

The debtors have attempted to comply with the requirements of Fed. R. Bankr. P. 7004(h), which requires that service upon an "insured depository institution," be sent by "certified mail addressed to an officer of the institution."[5] An insured depository institution is defined as any bank or savings association whose deposits are insured by the FDIC.[6] The listing of Capital One Bank (USA), N.A. on the FDIC website confirms that it is an insured depository institution for purposes of service.

Courts have split as to whether Rule 7004(h) requires service upon a named officer of the institution, or if service to a specific office, such as "president" or "chief executive officer," will suffice.[7] The Ninth Circuit Bankruptcy Appellate Panel recognized the split

---

[2] Id.

[3] http://research.fdic.gov/bankfind/index.html

[4] *Ex Parte Motion for Entry of Default Judgment* (Docket No. 29), at 2.

[5] Fed. R. Bankr. P. 7004(h).

[6] 12 U.S.C. § 1813(c)(2).

[7] *In re Exum,* 2013 WL 828293 *3-4 (Bankr. E.D. N.C. March 6, 2013)(collecting cases); *Compare In re Franchi*, 451 B.R. 604, 606 (Bankr. S.D. Fla. 2011)(service under Rule 7004(h) must be on named officer); with *Gambill v. Consumer Recovery Assoc. (In re Gambill),* 477 B.R. 753, 761-62 (Bankr. E.D. Ark. 2012)(service on chief executive officer was sufficient service under Rule 7004(h)).

in *In re Villar*,[8] a case that also involved a debtor's attempt to avoid a judgment lien under § 522(f). The debtor attempted to serve a California company pursuant to Rule 7004(b)(3), which requires that service be made "to the attention of an officer, a managing or general agent, or to any other [authorized] agent."[9] The debtor mailed the motion to the creditor's post office box and to the attorney who had represented the creditor in the state court action giving rise to the judgment lien.[10] Because neither attempt satisfied Rule 7004(b)(3), the Panel did not reach the issue of whether service upon an office, as opposed to a named officer, would satisfy service upon a corporation.

In this district, Judge MacDonald addressed service under Rule 7004 in *In re Cornejo*.[11] There, the debtor sought to avoid two judicial liens, one of which was held by an insured depository institution. The debtor served that creditor generically at a street address, without directing the mailing to either a named officer or an office. Additionally, the debtor served the motion by first class, rather than certified, mail. Service on the insured depository institution was clearly deficient. It did not satisfy Rule 7004(h).

The second judgment creditor involved in the *Cornejo* case was Alaska USA Federal Credit Union, which is not an insured depository institution. The debtor served Alaska USA

---

[8] 317 B.R. 88 (B.A.P. 9th Cir. 2004).

[9] Fed. R. Bankr. P. 7004(b)(3).

[10] Rule 7004(h) requires more restrictive service than Rule 7004(b)(3), because it is limited to "certified mail addressed to an officer of the institution." Fed. R. Civ. P. 7004(h). However, the issue of whether service upon an office must be directed to a named individual, as opposed to a specific office such as president or chief executive officer, arises under both subsections. Courts considering this issue often cite to cases decided under both subsections.

[11] 9 A.B.R. 465 (Bankr. D. Alaska 2010).

3

by first class mail, directed to the attention of "Enforcement."[12] Citing to *Villar,* Judge MacDonald also noted the split of authority regarding the level of detail required to serve a corporation under Rule 7004(b)(3). But, as in *Villar*, it was unnecessary to decide whether the debtor was obligated to name an individual, or an office, for service because the mailing to "Enforcement" failed to identify any appropriate office.[13] The court went on to review a number of sources available to determine appropriate service, including the FDIC website used by the debtors in the instant case. Given the information available on the Internet, the court remarked that "it does not seem burdensome for parties to locate the names of specific officers or agents when seeking to accomplish service under subsections (b)(3) or (h) of Rule 7004."[14]

Here, as in *Villar* and *Cornejo*, the debtors' mailings to Capital One Bank (USA) N.A. are deficient even assuming that mailing to an appropriate office can satisfy the service requirements of Rule 7004(h). The debtors' Richmond mailing was sent to the attention of an entity the debtors believed to be the creditor's registered agent. While this would constitute acceptable service under Rule 7004(b)(3), service of a registered agent is not sufficient under the more restrictive provisions of Rule 7004(h).[15]

The debtors also sent a copy of their *Motion to Avoid* to the Glen Allen address taken from the FDIC's website, addressed to the attention of "Bank Officer."[16] Courts that have

---

[12] *Cornejo*, 9 A.B.R. at 465.

[13] *Id*. at 466.

[14] *Id*. at 467.

[15] *In re Exum*, 2013 WL 828293 *3 (Bankr. E. D.N.C. March 6, 2013)(citing *Hamlett v. Amsouth Bank (In re Hamlett),* 322 F.342, 346 (4th Cir. 2003)).

[16] *Cornejo,* 9 A.B.R. at 467.

4

permitted service upon an unnamed individual under Rule 7004(b)(3) or (h), have done so when service was directed to a specific office such as president, chief executive officer, or managing agent.[17] In those instances, service was directed to the "appropriate office" where, regardless of who actually held the position, that person was sufficiently responsible for taking action when apprised of a pending action.[18] Service upon an unnamed and undefined "Bank Officer" does not identify a specific office. As such, there is no confidence that service will reach the appropriate office of someone charged with sufficient responsibility to ensure action will be taken. It is simply too generic to constitute acceptable service under Rule 7004(h).

The debtors have detailed considerable effort to identify the appropriate person to accept service for Capital One Bank (USA) N.A. The court appreciates their frustration; identifying the current officers of a federally insured national bank for service should not be a difficult task. Even courts that have strictly interpreted Rule 7004(b)(3) and (h) have recognized that service upon an appropriate office may suffice where the party attempting service has been unable to identify an appropriate officer, by name, despite searching with reasonable and appropriate diligence.[19] In this instance, however, service to "Bank Officer"

---

[17] *Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, 359 B.R. 893, 899-901 (Bankr. N.D. Ill. 2007) (service on chief executive officer sufficient service under Rule 7004(b)(3)); *Fleet Credit Card Services, L.P. v. Tudor (In re Tudor),* 282 B.R. 546, 550 (Bankr. S.D. Ga. 2002)(service upon "managing agent" was sufficient under Rule 7004(b)(3)).

[18] *In re Assoc. of Volleyball Professionals*, 256 B.R. 313, 317 (Bankr. C.D. Cal. 2000)("An individual who receives service of process on behalf of a corporation must be someone who, by inclination and training or statutory duty, will assure that the papers are passed on to a responsible authority in the corporation who has the responsibility to cause the corporation to respond appropriately.").

[19] *Carlo v. Orion Omniservices Co. (In re Carlo),* 392 B.R. 920, 921-22 (Bankr. S.D. Fla. 2008). The court expresses no opinion here on whether the debtors' efforts comprised a reasonable and diligent search. While their search included a review of the FDIC website and creditor's website, they may also search publicly filed documents such as annual reports and proxy statements, usually found on a creditor's website or on the Securities and Exchange Commission's website (EDGAR). In instances of consolidated

5

is deficient under either view of Rule 7004(h)'s requirements. Therefore, the court need not determine whether service upon an insured depository institution requires identification of a named individual.

For the foregoing reasons, the debtors' *Motion for Entry of Default Judgment* will be denied, without prejudice to proper service of the underlying *Motion to Avoid Judgment Lien.* An order will be entered consistent with this *Memorandum.*

DATED: April 23, 2013.

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: F. Cahill, Esq.
L. Compton, Trustee
U. S. Trustee

---

filings, additional research may be required to determine the officers of a subsidiary bank. Finally, although national banks are not incorporated in a state, it may be prudent to search the corporate database of the state where the creditor is headquartered, which may also be discovered on the FDIC bank find website.

6